THE STATE OF KANSAS v. JOSEPH DE BOUGE.

No. 13,504.    (73 Pac. 76.)

SYLLABUS BY THE COURT.

PRACTICE, SUPREME COURT—*Bill of Exceptions.* By section 4753 of the General Statutes of 1901 (Laws 1901, ch. 275, § 1), authority was given trial judges to extend the time for settling a bill of exceptions beyond the term at which the trial was had. This act had only the effect to authorize the extending of the time and did not change the procedure. A bill of exceptions must be settled and signed within the time given by the statute or as extended by the court, in order to give it validity; its service upon the opposite party within such time is not enough.

Appeal from Lyon district court; DENNIS MADDEN, judge. Opinion filed July 10, 1903. Dismissed.

*C. C. Coleman,* attorney-general, and *W. T. McCarty,* county attorney, for The State.

*Kellogg & Madden,* for appellant.

The opinion of the court was delivered by

CUNNINGHAM, J.: : The appellant was convicted of a misdemeanor. Judgment was entered against him on December 15, 1902, at which time, upon his ap-

plication, he was granted "sixty days from date, in which to make and prepare a bill of exceptions." The bill of exceptions was made, and it was served on the county attorney on the 17th day of January, 1903. It was not, however, allowed and signed by the district judge until the 6th day of March, 1903, more than sixty days from the entry of judgment. The state now moves to dismiss the appeal because the bill of exceptions was not made in time. Prior to the enactment of section 4753 of the General Statutes of 1901 (Laws 1901, ch. 275, § 1) a bill of exceptions must have been settled and signed within the term at which the judgment was rendered. By that act judges were given authority to extend the time "beyond the term, in the same manner as is provided by law for extending the time for settling a case-made." This purports only to give authority to extend the time "in the same manner," etc. It does not provide that the bill of exceptions shall be served on the opposite party. Evidently in this case the attorneys preparing the bill of exceptions read this act as though it provided that all of the procedure in the matter of preparing a bill of exceptions, service of the same on the opposite party, etc., should be such as is provided for making a case-made. This, however, is not so. The only effect which this act had was to enable the trial judge to extend the time for the settling and signing of a bill of exceptions beyond the term.

Inasmuch as in this case the bill of exceptions was not signed within sixty days, which was the time given, the judge lost jurisdiction to settle and sign it at the time he attempted to do so; hence it is no bill of exceptions, and there is nothing before the court.

The appeal must be dismissed.

All the Justices concurring.